UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHUBB INDEMNITY INSURANCE COMPANY, | Case No. 25-CV-3164 (PJS/SGE) |
| Plaintiff, | ORDER |
| v. | |
| MONA SABRI; MOHAMMED SABRI; and PAUL A. NORCIA, | |
| Defendants. | |

M. Gregory Simpson and Martha Snipstad, MEAGHER + GEER, PLLP; Thomas B. Orlando, FORAN GLENNON, for plaintiff.

Plaintiff Chubb Indemnity Insurance Company ("Chubb") issued a homeowners policy to defendants Mona and Mohammed Sabri.[1] The Sabris made a claim against the policy for losses they incurred from a March 25, 2024, fire. After a dispute developed over the amount of the Sabris' loss, the parties began preparing for an appraisal, which is scheduled for October 1, 2025.

This matter is before the Court on Chubb's motion for a temporary restraining order to enjoin that appraisal. Chubb alleges that defendant Paul Norcia has been acting as the Sabris' unlicensed public adjuster during the claims-adjustment process.

---

[1]The complaint states that the policy is attached as Exhibit A; however, there is no policy attached to the complaint.

*See* Minn. Stat. § 72B.02, subd. 6 (defining "public adjuster"); Minn. Stat. § 72B.03 (requiring public adjusters to be licensed). Chubb seeks to enjoin the appraisal until the Court rules on its claim for a declaration that Norcia may not act as the Sabris' public adjuster at the appraisal.

In reviewing a motion for a temporary restraining order, a court must consider four factors: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant if the injunction is not granted; (3) the balance between that harm and the harm that granting the injunction will inflict on the other parties; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

In this case, Chubb's motion fails because of the absence of irreparable harm. *See Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 667 (8th Cir. 2022) ("The absence of irreparable harm 'is an independently sufficient ground upon which to deny a preliminary injunction.'" (quoting *Grasso Enters., LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016))). Chubb argues that, if the appraisal proceeds as scheduled, Chubb will be "permanently denied its right to a judicial determination of whether an unlicensed individual can serve as the policyholder's advocate *in advance of this appraisal proceeding*." ECF No. 9 at 15 (emphasis added). To make matters clear, Chubb states that "[t]his is the irreparable harm Chubb would suffer if the TRO is not granted." *Id.*

-2-

In the Court's view, this is insufficient to justify the exercise of the Court's equitable powers. There is no standalone "right" to an *advance* ruling on the legality of another's intended conduct. In appropriate cases, when that allegedly illegal conduct truly threatens irreparable harm and the other *Dataphase* factors are satisfied, a litigant may obtain an injunction prohibiting that conduct until the merits can be resolved. But the conduct itself must present a threat of irreparable harm aside from the mere risk of rendering a claim moot. Indeed, if the conduct itself does not threaten irreparable harm, it is difficult to understand how a claimant can suffer irreparable harm if its challenge to that conduct becomes moot.

Even if Chubb had identified some type of threatened harm, however, Chubb admits that it has a remedy: Chubb can seek to vacate the appraisal on the basis of a procedural irregularity—namely, that an unlicensed individual acted as a public adjuster. ECF No. 9 at 15. Indeed, the Sabris' decision to use Norcia as their public adjuster would seem to disadvantage the Sabris rather than Chubb. If the appraisal turns out to be unsatisfactory to Chubb, it can move to vacate. If the appraisal turns out to be satisfactory to Chubb, it can move to confirm.

In short, whatever harm Chubb may be facing from the appraisal is not irreparable. Chubb's motion for a temporary restraining order is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's motion for a temporary restraining order [ECF No. 7] is DENIED.

Dated:  September 25, 2025    /s/ Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　Patrick J. Schiltz, Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court